*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-480

NOVEMBER TERM, 2011

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Washington Unit, |
| | } | Criminal Division |
| | } | |
| Edward M. Johnson | } | DOCKET NO. 470-4-08 Wncr |

Trial Judge: Brian J. Grearson

In the above-entitled cause, the Clerk will enter:

Defendant appeals from a judgment of conviction, based on a jury verdict, of two counts of lewd and lascivious conduct. He contends the trial court erred in: (1) denying a motion to sever the counts; and (2) failing to properly instruct on the elements of the habitual offender enhancement. We affirm.

This appeal arises out of two separate incidents that occurred about two weeks apart in the downtown area of Montpelier. On the afternoon of March 27, 2008, a woman was in the process of having a meal at the soup kitchen at the United Trinity Methodist Church when a man, later identified as defendant, asked if he could sit at the same table. The woman recalled that the table was about the size of card table, and that there were about 50 other people in the room at the time. The woman observed that, after a brief period of time, defendant began to stare at her breasts, breath heavily, and move his hand under the table in a steady motion that indicated he was masturbating. The woman moved away from the table and later reported the incident to the police. About two weeks later, on the early evening of April 9, 2008, a different woman was seated at one of the reading tables in the Kellogg Hubbard Library when defendant sat down at the end of the same table. He did not have anything to read. The woman could see defendant's lap clearly from where she sat. Defendant started breathing heavily, and the woman observed defendant stroking an erection that was visible through his jeans. Realizing that defendant was masturbating, the woman left the table and reported the incident. Defendant was charged with two counts of lewd and lascivious conduct. A jury returned a verdict of guilty as to both counts. This appeal followed.

Defendant contends the court erred in denying a motion to sever the charges, initially raised before trial and later renewed during the course of trial. The applicable legal standards are well settled. Two or more offenses may be joined for trial if they "are of the same or similar character" or "are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan." V.R.Cr.P. 8(a)(1)-(2). "Where the offenses are joined solely because they are of the same or similar character, a defendant is entitled to severance as a matter of right." State v. Willis, 2006 VT 128, ¶ 26, 181 Vt. 170; 14 V.R.Cr.P. 14(b)(1)(A). "When the offenses are joined because they form part of a single scheme or plan . . . there is no absolute right to severance." Willis, 2006 VT 128, ¶ 26. "The defendant must

instead show before trial that severance is appropriate or, at trial, necessary to 'a fair determination' of his 'guilt or innocence of each offense.'" Id. (quoting V.R.Cr.P. 14(b)(1)(B)). In the latter case, it is the defendant's burden to provide the court with "substantial evidence of prejudice" to support a severance. Willis, 2006 VT 128, ¶ 33 (citation omitted). "The decision is committed to the sound discretion of the trial court." State v. LaBounty, 168 Vt. 129, 134 (1998).

Defendant here does not claim that he was entitled to severance as a matter of right. Rather, he contends that severance was necessary for a fair determination of his guilt or innocence of the offenses, asserting that the complainants' stories were so similar that it was impossible for the jury to distinguish the two events, creating an unacceptable risk of spillover or accumulation of the evidence. He notes, for example, that the complainant from the first incident testified that she thought to herself, "You've got to be kidding me," when she saw defendant masturbating, and the second complainant exclaimed, "Are you kidding me?" when she observed defendant stimulating himself.

We have recognized that one factor a court may consider in deciding a severance motion is whether "in view of the number of offenses charged and the complexity of the evidence, the jury can distinguish the evidence and apply the law intelligently to each offense." State v. Chenette, 151 Vt. 237, 243 (1989); see also Willis, 2006 VT 128, ¶ 32 (observing that prejudice from joinder of offenses may arise from "the danger that the jury will cumulate the evidence of separate offenses against the defendant"). In denying defendant's renewed motion here, the trial court specifically found that, "although there are similar traits, we think the jury could easily distinguish the facts in both cases because . . . there [are] significant differences in . . . the way the victims described the events."

We find no basis to disturb the trial court's ruling. Defendant was charged with only two counts, not a multiplicity of offenses, and the surrounding circumstances—although similar— were sufficiently distinct that the jury could readily distinguish the evidence as to each offense. Moreover, the trial court expressly instructed the jury to "consider the elements of each count individually," explaining that the State was required to prove the elements of each "specific count" beyond a reasonable doubt and that the jury's "verdict on one count has no bearing on the verdict on the other count." See United States v. Lane, 474 U.S. 438, 450 (1986) (holding that any error regarding joinder of offenses harmless where trial court instructed jury "to consider each count and defendant separately"); United States v. Southwest Bus Sales, Inc., 20 F.3d 1449, 1454 (8th Cir. 1994) (finding no prejudice in joinder of offenses where court "specifically instructed the jury to consider each offense . . . separately" because "juries are presumed to follow their instructions") (quotation omitted). Accordingly, we find no error in the court's denial of the motion to sever.

Defendant further contends the trial court committed plain error in failing to instruct the jury, with respect to the habitual offender charge, that it "had to find the alleged prior convictions were felonies." Even assuming that such an instruction was necessary or proper, the claim lacks merit. Prior to the second phase of deliberations to consider the habitual offender charge, the court instructed the jury that "to sustain this charge, the State must prove beyond a reasonable doubt that [defendant] has been convicted of three previous—at least three previous felonies." The court then explained the State's allegation that defendant had been "previously convicted of the following felonies" and enumerated the priors. The State then introduced certified court records of the prior felony convictions, and the jury returned a verdict of guilty. Accordingly, we find no error, much less plain error, that prejudiced defendant's substantial rights. See State v. Rounds, 2011 VT 39, ¶31.

2

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Brian L. Burgess, Associate Justice

3